IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VINCENT DANYALE ROGERS, § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:13-CV-849-O |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-FORT WORTH, § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Vincent Danyale Rogers, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

In March 2007 a jury found Petitioner guilty on one count of distributing methamphetamine in United States District Court for the Eastern District of Oklahoma, Muskogee Division, and he was later sentenced to a 120-month term of imprisonment. Jury Verdict, *United States v. Rogers*, 6:07-CR-00002-RAW-1 (E.D. Okla. Mar. 13, 2007), ECF No. 40; J. and Commitment Order, *United States v. Rogers*, 4:07-CR-00002-RAW-1 (E.D. Okla. May 29, 2007), ECF No. 48. Petitioner appealed his conviction, but the Tenth Circuit affirmed the district court's judgment. *United States v. Rogers,* 259 Fed. App'x 149, 2007 WL 4510835 (10th Cir. 2007).

In this § 2241 petition, petitioner claims that he is actually innocent of the offense and his

120-month sentence in light of the Supreme Court decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). Pet. 1-2, ECF No. 1.

## II. LEGAL STANDARD

28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. Petitioner has neither alleged nor demonstrated that he can meet this standard.

## III. ANALYSIS

In *Apprendi*, the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Alleyne* concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." 133 S.

Ct. at 2160. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163. The Supreme Court however has not declared *Apprendi* or *Alleyne* retroactive on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Moreover, *Alleyne* was decided on June 17, 2013; thus Petitioner may still pursue his claim by way of a § 2255 motion. Finally, the cases do not decriminalize the conduct for which Petitioner was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). Accordingly, § 2241 is not the proper procedural vehicle for bringing petitioner's claim, and the petition should be dismissed for lack of jurisdiction.

## IV.  CONCLUSION

Because petitioner may not assert his claim *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction. For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **4th** day of **April, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE